**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                   Case No. 3:14-cv-1135-J-34JRK

HERBERT HAGANS, JR.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 10; "Motion"), filed December 4, 2014.[2] Plaintiff initiated this action by filing the Complaint (Doc. No. 1) on September 17, 2014, to reduce Defendant's defaulted student loan debt to judgment. Defendant waived service of process on September 29, 2014. See Waiver of Service of Judicial Process (Doc. No. 7), filed October 9, 2014. On December 2, 2014, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in this case. See Application to Clerk for Entry of Default (Doc. No. 8). A Clerk's Entry of Default (Doc. No. 9) was entered against Defendant on December 2, 2014.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

[2] Plaintiff certifies that a copy of the Motion was mailed to Defendant on December 4, 2014. Motion at 3. The Clerk of Court also mailed a copy of the Motion to Defendant on December 24, 2014.

Thereafter, the instant Motion was filed, in which Plaintiff seeks a default judgment against Defendant "[f]or principal in the amount of $1,300.00, together with accrued interest in the amount of $1,590.27, as of June 16, 2014, plus interest on the total principal amount accruing thereafter at the rate of 5 percent per annum, a daily rate of $0.18, until the date of judgment." Motion at 2. Plaintiff also requests post-judgment interest "at the legal rate until paid in full;" "other costs of litigation otherwise allowed by law;" and "other and further relief as the Court deems just and proper." Id.

After Defendant failed to respond to the Motion within the time permitted by the Federal Rules of Civil Procedure ("Rule(s)"), an Order (Doc. No. 11) was entered on December 24, 2014, taking the Motion under advisement and directing Defendant to file a response by January 23, 2015, failing which the Motion would be deemed unopposed. Defendant did not comply. The Motion, therefore, is deemed unopposed.

Nevertheless, on February 23, 2015, the undersigned enter an Order (Doc. No. 12), keeping the Motion under advisement and directing Plaintiff to file a supplement addressing two issues: the first dealing with the costs requested by Plaintiff and the second dealing with Plaintiff's request for prejudgment interest. Plaintiff timely complied by filing the United States' Supplemental Filing in Support of Motion for Default Judgment (Doc. No. 13; "Supplement"). The Motion is now ripe for review.

## I. Applicable Law

Rule 55 provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue."

Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[3] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

## II. Discussion

Plaintiff initiated the instant suit to reduce Defendant's defaulted student loan debt to judgment. See Compl. The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States. See 28 U.S.C. § 1345 (providing district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States").[4] The Court must now ensure that Plaintiff has stated a valid cause of action.

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note[s]; (2) [the] United States is the present holder

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Attached to the Waiver of Service of Judicial Process (Doc. No. 7) is a Declaration completed by Defendant. See Doc. No. 7 at 2. In that Declaration, Defendant certifies that he is "not an active member of the military service of the United States of America," and that he is married. Id. (emphasis omitted). In the Motion, Plaintiff states that "upon information and belief, Defendant is not an infant or incompetent person." Motion at 1. Considering these representations, the undersigned finds that to the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.

of the note[s]; and (3) the note[s are] in default." United States v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished report and recommendation), adopted, 2012 WL 933206 (Mar. 20, 2012) (unpublished); see United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished Table decision) (citing United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)).

Attached to the Complaint are two promissory notes executed by Plaintiff (Doc. No. 1-1; "Promissory Notes") and a sworn Certificate of Indebtedness from the U.S. Department of Education (Doc. No. 1-2; "Certificate of Indebtedness"). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Fed. R. Civ. P. 10(c). The Promissory Notes and the Certificate of Indebtedness, therefore, are considered to be part of the Complaint.

In August 1988, Defendant executed the Promissory Notes. Promissory Notes at 2, 4; Certificate of Indebtedness at 1; see Compl. at 1. Defendant is in default on the Promissory Notes, and the United States now holds the Promissory Notes. See Compl. at 1; Certificate of Indebtedness at 1. As of June 16, 2014, Defendant owes Plaintiff $1,300.00 in principal and $1,590.27 in interest. See Compl. at 1; Certificate of Indebtedness at 1. "Interest accrues on the total principal amount of this debt at the current rate of 5 percent per annum." Compl. at 1-2; see Certificate of Indebtedness at 1 (reflecting that the Promissory Notes signed by Defendant contained an interest rate of 5% per annum); see also Supplement at 4.

By failing to answer or otherwise respond to the Complaint, Defendant is deemed to have admitted that he signed the Promissory Notes, that the United States is the present holder of the Promissory Notes, and that the Promissory Notes are in default. Accordingly, the undersigned finds that Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of default judgment.

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to decide the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). When the essential evidence regarding damages is before the court, a hearing on damages may be unnecessary. See Smyth, 420 F.3d at 1232 n.13. Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court. See id.

As noted above, the sworn Certificate of Indebtedness establishes that as of June 16, 2014, Defendant owed Plaintiff a total of $2,890.27. Plaintiff is entitled to prejudgment interest accruing on the total principal amount ($1300.00) at the rate of 5 percent per annum. See Compl. at 1-2; Certificate of Indebtedness at 1; Supplement at 4. Plaintiff is further entitled to post-judgment interest from the date of judgment at the legal rate established by 28 U.S.C. § 1961.

As to costs, in the Motion, Plaintiff requests that it be awarded "costs of litigation otherwise allowed by law." Motion at 2. Because Plaintiff does not indicate any costs it has

incurred, Plaintiff was directed to provide the Court with information regarding the costs it seeks to tax, as well as legal authority supporting its request. See Order (Doc. No. 12) at 2-3. Plaintiff was advised that "[w]hile 28 U.S.C. § 2412(a)(2) provides that '[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a),' the statute is permissive in nature and at least some courts have denied recovery of the filing fee to the United States when such fee has not been paid." Order (Doc. No. 12) at 2 (collecting cases).

In the Supplement, Plaintiff indicates that "[s]hould the Court enter judgment in favor of the United States, the United States intends to file the appropriate Bill of Costs for the $400.00 [filing] fee." Supplement at 2 n.1.[5]  Plaintiff cites § 2412(a), noting that it "was amended by the Federal Courts Improvement Act of 1992 . . . to permit the filing fee prescribed under 28 U.S.C. § 1914(a) to be taxed as a cost in favor of the United States." Supplement at 3 (citing S. Rep. No. 102-342, 1992 WL 187372, at 30 (1992)). As noted by Plaintiff, see id., the Senate Report states in relevant part, "[Section 2412(a)] also expressly provides that the litigating agency need not have paid the [filing] fee upon commencing the action to obtain this element of costs. . . . This section . . . permit[s] prevailing U.S. plaintiffs to recover the amount of the filing fee, <u>which is then made available to the judiciary</u>," S. Rep. No. 102-342, 1992 WL 187372, at 30-31 (1992) (emphasis added). Accordingly, the undersigned recommends that costs be awarded in the amount of the $400.00 filing fee, which, if recovered, shall then be "made available to the judiciary."

---

[5]   Plaintiff does not indicate that it would seek any other costs. See Supplement at 2-3.

### III.  Conclusion

Upon review of the Motion, the Supplement, and the file, the undersigned finds that Plaintiff has met the requirements for entry of a default judgment against Defendant. Accordingly, it is

**RECOMMENDED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 10) be **GRANTED**.

2. The Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant for principal in the amount of $1,300.00, together with accrued interest in the amount of $1,590.27, as of June 16, 2014, plus interest on the total principal amount accruing thereafter at the rate of 5 percent per annum until the date of judgment; interest from the date of judgment at the legal rate set forth in 28 U.S.C. § 1961 until paid in full; and costs in the amount of $400.00, which if recovered, shall be made available to the judiciary.

3. The Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on March 27, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Herbert Hagans, Jr.
9311 Hawkeye Dr.
Jacksonville, FL 32221